**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:                                              :         CHAPTER 13
Charles Montalvo


            DEBTOR                     :         BKY. NO.  11-17385MDC13

**FIRST MODIFIED CHAPTER 13 PLAN- DATE – 04/09/2012**

(a)     The Debtor(s) submits all or such portion of his future income to the control of the trustee as is, or may be, necessary for the execution of plan.  The debtor or debtor's employer shall pay to the trustee the sum of **$1,800 each month for a period of 7 months AND $2,050 each month for a period of 53 months** to be distributed by the trustee under the plan.

(b)     All claims entitled to priority under 11 U.S.C. 507 shall be paid in full in deferred cash payments as required by 11 U.S.C. 1322 (a)(2) in the manner indicated on the Claims Docket on file with the Clerk (Claims Register).

(c)     Other claims duly filed and allowed or deemed allowed shall be discharged by payment to the extent and in the manner indicated on the remarks and interlineation made thereon, is incorporated in and made a part of this plan as modified.

(d)     Specific or fixed monthly payments to certain creditors, if any, are noted opposite the name and address of creditor or creditors to receive such specific payment or payments.  The remaining funds shall be paid top all other creditors in a manner that provides the same treatment for each claim within a particular class. In no event shall the amount to be distributed to each creditor under the plan be less than the value (as of the effective date of the plan) of the property upon which such creditor had an enforceable lien, plus the amount if any, that would be paid such claim if the estate of the debtor were to be liquidated under Chapter 7 Title 11 of the United States Code.

(e)     With respect to each allowed secured claim:

        (i)     the holder of each such claim shall retain the lien securing such claim, and

   (ii) the holder of such claim shall be paid cash in such amounts as to have a value, as of the effective date of the plan, that is not less than the allowed amount of such claim, or the debtor may surrender the security.

 (f) The payments to the trustee shall be made in installments conforming to the debtor's pay periods over a period of **60** months in such amounts as may be required to provide for the payment of all costs of administration, the payment in full of all claims entitled to priority as defined in 11 U.S.C. 507, the present value of all allowed secured claims.  The debtor's total payments to the trustee under the plan shall not be less than **$121,250.00**

 (g) Debtor hereby avoids all liens avoidable under 522(f)1

 (h) Debtor intends to pay unsecured creditors a pro-rata distribution of balance, if any.

## CERTIFICATE

_____ No Creditors are entitled to service of a copy of this modified plan.

__X__ Required Creditors and Parties of Interest have been served with a copy of this modified plan.

DATED: April 9, 2012         /s/_____
                 MICHAEL A. CATALDO
                 Cibik & Cataldo, P.C.
                 1500 Walnut Street, Ste. 900
                 Philadelphia, PA  19102
                 (215) 735-1060